I would sustain Appellant's assignments of error for I do not believe the record in this case supports consideration of the affirmative defense of comparative fault or assumption of the risk. Appellant had no duty to disprove these matters and appellee introduced no evidence by which either might be proven.
There is no occasion to instruct or consider comparative fault when the evidence raises the issue of appellee's violation of the assured clear distance ahead. If, as Appellee claims, there is evidence that appellant's decedent made a left turn suddenly and without warning, Appellee did not violate the assured clear distance statute and is not negligent. If the left turn claimed is the proximate cause of the accident, the fault is entirely decedent's and there is nothing to compare.
The matter of assumption of the risk, to the extent it is not merged in comparative fault, is less clear. However, as to instructing the jury about the requirement of a signal for a left turn, there is no evidence of a lack of signal, even if it should be concluded that the decedent made a left turn. The only living witness to the event is the defendant who didn't see the decedent until the latter came over the automobile hood and through the windshield. For this latter reason, any primary assumption of the risk by the decedent is pure speculation.
I would reverse and remand for a new trial.